Curia, per

Dunkin, Ch.
Both the defendants were resident beyond the limits of this State. Neither of them had property in the State, nor is it alleged that there were any assetts of the testator in the State. In Winstanly vs. Savage, (2 McC. C. R. 437,) it is said by the Chancellor “it is very certain that non-residents cannot be made amenable to suits in this court, unless they have property in the State.” It is also there said that the Act of 1784, creating the Court of Chancery, and prescribing its course of proceedings, was not intended to introduce any new rule in this respect, but “only *44 to regulate the proceedings in cases where non-residents .could be made amenable to the jurisdiction of the country, by holding property within it, which does undoubtedly give jurisdiction both at Law and in Equity.
Peronneau, Mazyck Sf Finley, for the motion.
It appears to the Court that this is a correct interpretation of the law, and that the order of the Circuit Court, made in conformity with it, must be affirmed.
Harper, Johnson and Johnston, Ch., concurred.